IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY M. WEIRICH and JESSICA J. WEIRICH,

                        Plaintiffs,

   v.                                                OPINION and ORDER

UNITED STATES OF AMERICA,[1]                     22-cv-608-jdp

                        Defendant.

---

      Plaintiffs Bradley and Jessica Weirich, appearing pro se, seek a refund for overpayment of their 2014 and 2015 taxes from defendant United States of America. I conclude that the case must be dismissed because plaintiffs filed their claim for a refund too late.

PROCEDURAL BACKGROUND

      The government filed a motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), contending that plaintiffs failed to file their claims for refund within the time limit required for the government to waive its sovereign immunity. Dkt. 8. The government followed with a motion to convert its motion to one for summary judgment, Dkt. 12, recognizing that I have previously concluded that its sovereign-immunity defense is waivable and thus not jurisdictional, and that a motion relying on tax records and other evidence outside the scope of the pleadings is more appropriately characterized as one for summary judgment on threshold issues. *See Wrhel v. U.S. Treasury-Internal Revenue Serv.*, No. 15-cv-39-jdp, 2016 WL 1122103,

---

[1] Plaintiffs name the Internal Revenue Service as the defendant in their complaint, but the United States is the proper defendant for their claim so I have amended the caption accordingly.

at *2 (W.D. Wis. Mar. 22, 2016). I will grant the government's motion to convert its motion to one for summary judgment. Plaintiffs are not prejudiced by the conversion of the motion, as both parties have already submitted evidence outside the pleadings and the facts here are undisputed.

ANALYSIS

Plaintiffs seek refunds for overpayments of their 2014 and 2015 taxes.

In 2014, plaintiffs had a tax liability of $1,165. They paid $6,556 through withholding and were entitled to refundable credits of $787. They seek a refund of $6,178. In 2015, plaintiffs had a tax liability of $0. But they paid $6,952 through withholding and were entitled to refundable credits of $1,974 and a refundable Earned Income Credit of $1,704. They seek a refund of $10,630.

But plaintiffs did not file their 2014 or 2015 tax returns by the usual deadline for doing so. They received a six-month extension for the 2014 return to October 15, 2015, and a six-month extension for the 2015 return to October 15, 2016. They submitted their tax returns for both years sometime in December 2019. The returns themselves are dated December 7, 2019, and the IRS received the returns on December 16, 2019.

The United States has waived immunity with respect to taxpayer suits for refunds. See 26 U.S.C. § 7422 (titled "Civil actions for refund"). But sovereign immunity is waived only under the terms set by Congress. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Taxpayers must file administrative claims for tax refunds, and treasury regulations construe tax return as administrative claims, 26 CFR § 301.6402-3(a)(5), so plaintiffs have filed administrative claims to recover 2014 and 2015 overpayments. But there is a limit to how late a claim may be filed.

Under 26 U.S.C. § 6511(b)(2)(A), "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." "This 'look back' rule thus precludes even a timely filed claim from seeking a refund of amounts paid more than three years prior." *Israel v. United States*, 356 F.3d 221, 223 (2d Cir. 2004); *see also Curry v. United States*, 774 F.2d 852, 855 (7th Cir. 1985).

Most of the taxes plaintiffs say that they overpaid were withheld during the respective tax years; the IRS deems those taxes to have been paid on April 15 the following year, *see* 26 U.S.C. § 6513(b)(1). Plaintiffs' refundable credits are treated the same way. *See Israel*, 356 F.3d at 225 ("amounts refundable by operation of the EIC are deemed paid as of the filing deadline for the tax year in question."); *McKinzy v. I.R.S.*, 335 F. App'x 660, 662 (8th Cir. 2009) ("[plaintiff's] claim for additional child tax credit for the 1999 tax year was deemed paid on April 15, 2000"). Accounting for the six-month extensions that plaintiffs received for both years, under § 6511 they had until October 15, 2018 to file their claim regarding their 2014 taxes and until October 15, 2019 to file a claim regarding their 2015 taxes. It is undisputed that plaintiffs did not file their claims until their deadlines passed: their returns are dated December 7, 2019, and the IRS received the returns on December 16, 2019.

Plaintiffs argue that the "Taxpayer Bill of Rights" gives them the rights to have their case heard in a court and to "a Fair and Just Tax System" and that IRS staff didn't promptly correspond with them or respond to their phone calls. Dkt. 10, at 1–2. But the Taxpayer Bill of Rights, *see* 26 U.S.C. § 7803(a)(3), "did not grant new enforceable rights." *Facebook, Inc. v. Internal Revenue Serv.*, No. 17-cv-06490, 2018 WL 2215743, at *13 (N.D. Cal. May 14, 2018); *see also* IRS Taxpayer Advocate Service, "Taxpayer Bill of Rights," ("The Taxpayer Bill of Rights

3

groups the existing rights in the tax code into ten fundamental rights, and makes them clear, understandable, and accessible.").[2]

Section 7433 of the Internal Revenue Code authorizes a claim for IRS misconduct in collection actions, but even if plaintiffs sought to bring this type of claim, they haven't exhausted their administrative remedies for such a claim, and plaintiffs' filings don't suggest that the IRS's actions or inactions here had anything to do with *collection* activities covered by § 7433. *See, e.g., Ivy v. Comm'r of Internal Revenue Serv.*, 877 F.3d 1048, 1050 (D.C. Cir. 2017) (claim that IRS improperly withheld refund did not support § 7433 claim about misconduct in collection). Nor can this court excuse plaintiffs' late filing of their claims under the doctrine of equitable tolling. *United States v. Brockamp*, 519 U.S. 347, 354 (1997) ("Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations.").

Plaintiffs' claims appear to be substantively legitimate, but unfortunately they are untimely. Therefore I must grant the government's motion for summary judgment.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to amend the caption to substitute the United States of America for defendant Internal Revenue Service.

2. Defendant's motion to convert its motion to dismiss into a motion for summary judgment, Dkt. 12, is GRANTED.

3. Defendant's motion for summary judgment, Dkt. 8, is GRANTED.

---

[2] *See* www.taxpayeradvocate.irs.gov/get-help/taxpayer-rights/.

4. The clerk of court is directed to enter judgment for defendant and close this case.

Entered September 18, 2023.

              BY THE COURT:

              /s/

              _____
              JAMES D. PETERSON
              District Judge